UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Wayne Jeffery Villines,<br><br>Plaintiff,<br><br>v.<br><br>Nye County Sheriff Department, et al.,<br><br>Defendant. | Case No. 2:20-cv-00099-APG-BNW<br><br>**Order and Report & Recommendation** |

Before the Court is plaintiff Wayne Jeffery Villines's amended complaint. ECF No. 6. The Court dismissed plaintiff's original complaint but granted his request to proceed in forma pauperis. ECF No 1.  In his amended complaint, Villines names only five defendants: Nye County Sheriff Department, Nye County District Attorney's Office, Nye County Justice Court, Nye County Commissioners, and State of Nevada. Plaintiff's claims against these defendants fail for various reasons explained below, so the complaint will be dismissed with leave to amend.

However, plaintiff's allegations sometimes focus heavily on the actions of individuals and entities named in the complaint but not identified in the caption, including Nye County, Detective Brainard, Detective Parra, Deputy Gosioco, and Sheriff Wherly. A document filed pro se must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Therefore, the Court will liberally construe plaintiff's complaint as asserting claims against not only the named defendants, but also the individuals and entities who played a central role in the events alleged in the complaint.  Still, the claims against these defendants are subject to dismissal under the Rules. Fed. R. Civ. P. 10(a) ("The title of the complaint **must** name all the parties") (emphasis added); *Rodriguez v. Hart*, 2019 WL 688210, at \*5 (C.D. Cal. Feb. 19, 2019) ("In any amended complaint he chooses to file, Plaintiff must list his own name and the names of all the [d]efendants in the proper spaces in the caption or the amended complaint will be subject to dismissal on that basis

alone") (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  But plaintiff will have another opportunity to amend his complaint to include all parties in the caption.

This Court now screens the Amended Complaint as required by 28 U.S.C. § 1915(e)(2).

## I. Background

Plaintiff's claims arise out of events that took place on April 12, 2019. On that day, Detective Parra, from the Nye County Sheriff's Office, presented an affidavit to Judge Sullivan requesting that a warrant issue for Mr. Villines's arrest. The affidavit, written by Detective Parra (and attached to plaintiff's complaint), states he believed there was probable cause to arrest Mr. Villines for child abuse. Overwhelmingly, the affidavit relied on information provided by the alleged victim in that case. Judge Sullivan authorized the arrest warrant, indicating he agreed there was probable cause for Plaintiff's arrest. When the warrant was executed, Plaintiff explains he was read his *Miranda* rights, which include the right to have an attorney appointed to represent him if he could not afford to hire one. Mr. Villines explains he invoked the right to have counsel appointed, but to no avail. Mr. Villines explains he posted bail and eventually appeared in Nye County Justice Court before Judge Sullivan. At that time, he asked Judge Sullivan to appoint him counsel. Judge Sullivan declined to do so as the District Attorney's Office was declining to prosecute the case for lack of evidence.

Plaintiff now bring this complaint and alleges that the facts supporting the affidavit on which Judge Sullivan relied are false. He alleges the detectives were aware that the alleged victim had previously provided false information and differing accounts of the events in question. In fact, Plaintiff explains that the facts underlying the affidavit had been the subject of a prior investigation in 2018 that was never pursued because of a lack of evidence. Given this, Plaintiff asserts that he was falsely arrested. In addition, he claims he was unconstitutionally denied the assistance of counsel. Specifically, Plaintiff argues an attorney should have been appointed as soon as the warrant was presented to the judge, or in the alternative, at the time of his arrest when he was read his *Miranda* warnings.

Plaintiff requests declaratory relief indicating that attorneys must be appointed at the time an arrest warrant is presented to a judicial officer. He also seeks damages in the amount of $120 million dollars. Lastly, he requests the appointment of counsel for this case.

Plaintiff claims several entities and individuals are responsible for these alleged violations. These include: the Nye County Sheriff's Department, where Sheriff Sharon Wherly, Detective Brainard, and Detective Parra are employed; the Nye County District Attorney Office, where Deputy District Attorney Gosioco is employed; the Nye County Justice Court, where Judge Sullivan presides as a judge; Nye County; and lastly the State of Nevada.

## II.     Screening Standard

Upon granting a request to proceed in forma pauperis, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.   Analysis**

Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . ." Section 1983 does not create any substantive rights, but it provides a method for enforcing rights contained in the Constitution or federal statutes. *Crowley v. Nev. ex. rel. Nev. Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "(1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Williams v. California*, 764 F.3d 1002, 1009 (9th Cir. 2014) (quotation omitted).

**A.   Entities and individuals which cannot be sued.**

States are not persons for purposes of section 1983, and thus, the State of Nevada may not be sued under section 1983. Furthermore, Nevada may not be sued in federal court because it is entitled to sovereign immunity under the Eleventh Amendment. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); U.S. CONST. amend XI. As a result, this court recommends that plaintiff's claims against the State of Nevada be dismissed without leave to amend because amendment would be futile.

Next is the Nye County Sheriff's Office. State law determines a governmental entity's capacity to be sued in federal court. Fed. R. Civ. P. 17(b); *Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 565 (9th Cir.2001). Under Nevada law, "[i]n the absence of statutory authorization, a department of the municipal government may not, in the departmental name, sue or be sued." *Wayment v. Holmes*, 912 P.2d 816, 819 (Nev.1996). Although NRS § 41.031 authorizes suit against "any political subdivision of the State," that authorization does not extend to departments of a municipal government. *See Scheinder v. Elko Cnty. Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165 (D. Nev. 1998) ("A Nevada county falls within this definition, but not a sheriff's department."). Thus, because the Nye County Sheriff's Office is a mere department of Nye County, it lacks the

capacity to be sued. As a result, this court recommends that plaintiff's claims against the Nye County Sheriff's Office be dismissed without leave to amend, since amendment is futile.

Turning to the Nye County Justice Court: the Nye County Justice Court, "a building, is not subject to liability." *See Allen v. Clark Cnty. Det. Ctr.*, 2011 WL 197201, *4 (D. Nev. Jan. 20, 2011). The Court recommends that plaintiff's claims against the Nye County Justice Court be dismissed without leave to amend because amendment would be futile.

Moving on to the Nye County District Attorney's Office, a governmental agency that is an arm of the state is not a "person" for purposes of Section 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990). County district attorney's offices are arms of the state that are, therefore, not "persons" available to be sued under 42 U.S.C. § 1983. *Morris v. State Bar of California*, 2010 WL 4977677 at *2 (December 2, 2010). As a result, this court recommends that plaintiff's claims against the Nye County District Attorney's Office be dismissed without leave to amend.

**B.     Claims**

Mr. Villines brings two claims: (1) false arrest and (2) failure to appoint counsel.

**1.  False Arrest**

In his first claim, Mr. Villines alleges that Detective Parra participated in the preparation of a warrant for his arrest and relied on information he knew or should have known was not reliable. ECF No. 6. at 2. He also claims that Deputy District Attorney Gosioco presented this information to Judge Sullivan, resulting in the arrest warrant.

**a.  Nye County**

Section 1983 complaints challenging the constitutionality of an arrest for lack of probable cause may be brought under the Fourth Amendment. "A claim for unlawful arrest is 'cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.'" *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1120 (D. Nev. 2011) (citing *Dubner v. Cty. & Cnty. of S.F.*, 266 F.3d 959, 964–65 (9th Cir. 2001)). Probable cause exists if, at the time of the arrest, "under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a

prudent person would believe the suspect had committed a crime." *Perez-Morciglio*, 820 F. Supp. 2d at 1121 (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 471–72 (9th Cir. 2007)). Generally, municipalities are not liable under § 1983 unless the "municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). In *Monell*, the United States Supreme Court held that liability extends to a local government only when the constitutional violation was the result of its policy, practice, or custom, or a decision-making official directed or ratified the complained-of conduct. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978).

Mr. Villines seems to suggest that Nye County's failure to adequately train and supervise its employees caused his injury. *See* ECF No. 6 at 3 ("it is the responsibility and duty of the County to ensure that these agencies are not acting in any fashion that violates the rights of…persons…"). To establish a claim for relief for failure to train or supervise, the plaintiff must show: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). The deliberate indifference standard for municipalities is an objective inquiry into whether the facts available to the municipal policymakers put them on constructive notice that the particular conduct or omission is substantially certain to result in the violation of constitutional rights. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016).

Here, Mr. Villines meets the first element as he has a right to be free from unlawful seizures. U.S. CONST., amend. IV. As to the second element, Mr. Villines attaches a newspaper article to show that prior lawsuits have been filed against Nye County. ECF No. 6 at 12. Yet, the article he attaches does not relate to the issue he presents here. In other words, the article does not talk about illegal seizures. While a newspaper article is not necessary, he must provide a factual basis for the proposition that Nye County has a policy, practice, or custom that results in unlawful seizures, or that a decision-making official directed or ratified the complained-of conduct. He must also provide a factual basis to show that such policy amounts to a deliberate indifference of

his constitutional rights in order to meet the third element. Lastly, he must state the facts he relies on to show that that the policy is the moving force behind the constitutional violation. Without these facts, plaintiff asserts only conclusory allegations. Given Mr. Villines's failure to include facts that support the second, third, and fourth elements the court will dismiss plaintiff's claim against Nye County with leave to amend.

### b. Nye County Commissioners

Plaintiff also sues the "Nye County Commissioners." ECF No. 6 at 1. To the extent plaintiff means to assert his claims against these commissioners in their official capacities, those claims are coextensive to the claims against the county itself. *Fairbanks v. Canyon Cnty.*, 2018 WL 3370521, at *4 (D. Idaho July 10, 2018) ("The claims against the Commissioners in their official capacities are claims against the entity that employed them.") (citation omitted). The Court has already found that plaintiff failed to allege *Monell* liability because he did not allege sufficient factual matter to support a claim for failure to train or supervise. Therefore, the Court will dismiss plaintiff's official-capacity claims against the Commissioners with leave to amend.

To the extent plaintiff means to assert individual-capacity claims against the Nye County Commissioners, those claims fail too. As stated, to sue an official in their individual capacity, plaintiff "must plead . . . personal participation in the constitutional violation on the part of the individual to subject that person to individual liability." *Id.* at *4. Here, there are no allegations in the complaint that any of the Commissioners personally participated or took any action that could potentially subject them to individual liability for the alleged constitutional violations. Therefore, the claims against the Commissioners are dismissed with leave to amend.

### c. Detective Brainard, Detective Parra, and Sheriff Wherly

Beginning with Detective Parra: liberally construing plaintiff's allegations—and accepting them as true—a reasonable person would not believe that probable cause existed if the statements underlying the affidavit for the arrest warrant were false. However, a claim against Detective Parra is not viable on the operative complaint because Parra is not named as a defendant in the

caption. This claim is therefore dismissed with leave to amend.[1] Fed. R. Civ. P. 10(a) ("The title of the complaint **must** name all the parties") (emphasis added); *Rodriguez v. Hart*, 2019 WL 688210, at *5 (C.D. Cal. Feb. 19, 2019) ("In any amended complaint he chooses to file, Plaintiff must list his own name and the names of all the [d]efendants in the proper spaces in the caption or the amended complaint will be subject to dismissal on that basis alone") (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

Turning to Detective Brainard, Mr. Villines has not presented any factual basis explaining what Detective Brainard's involvement may have been with the events alleged in the complaint. Further, Brainard is not named in the caption as a defendant. As a result, the court will dismiss plaintiff's claim against Brainard without prejudice but with leave to amend.

Likewise, as to Sheriff Wherly in her individual capacity, the claim fails as pled because Mr. Villines offers no factual allegations to show how Sheriff Wherly participated in these allegations. There is no respondeat superior liability in § 1983 actions. "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Supervisors can be held liable for: "(a) their own culpable action or inaction in the training, supervision, or control of subordinates; (b) their acquiescence in the constitutional deprivation of which a complaint is made; or [(c)] for conduct that showed a reckless or callous indifference to the rights of others." *Morris v. State Bar of Cal.*, 2010 WL 4977677, at *6 (E.D. Cal. Dec. 2, 2010) (citing *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000)).

---

[1] Government officials sued in their personal capacities are "persons" for purposes of § 1983. *See Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). To the extent Plaintiff sues these individuals in their official capacities, the suit is "equivalent to a suit against the government entity itself" such that the claims are properly analyzed as *Monell* claims if the officials work for a municipality. *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). The Court has already found that plaintiff failed to allege facts supporting a *Monell* claim against Nye County. So, to the extent plaintiff means to assert official-capacity claims against Detective Brainard, Detective Parra, and Sheriff Wherly, those claims are dismissed without prejudice but with leave to amend.

Here, plaintiff's claim against Sheriff Wherly fails because he has not alleged any facts pertaining to her direct involvement in the events described in the complaint. He has not alleged that she was reckless or callous to plaintiff's rights, that she acquiesced in the constitutional deprivation, or her culpable action or inaction in the training, supervision, or control of her subordinates. Further, Wherly is not named in the complaint's caption as a defendant. However, the Court is not yet convinced that plaintiff will be unable to remedy these defects. Therefore, plaintiff will be granted leave to amend.

### d. Deputy District Attorney Gosioco

"[P]rosecutorial immunity protects eligible government officials when they are acting pursuant to their official role as advocate for the State performing functions 'intimately associated with the judicial phase of the criminal process.'" *Bailey v. Clark Cnty. Dist. Attorney's Office*, 2010 WL 3724250, *2 (D. Nev. Sept. 16, 2010) (collecting cases). In other words, "[s]tate prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity." *Id*. (internal citations omitted). Further, "[t]he intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987) (internal citation omitted). Absolute prosecutorial "immunity covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Milstein*, 257 F.3d at 1008.

Here, the allegation is that Deputy Gosioco provided the false affidavit to Judge Sullivan for the arrest warrant to issue. There is no question that Deputy Gosioco was acting pursuant to his official role as advocate for the State as to the alleged conduct. As a result, the court recommends that this claim against Deputy Gosioco be dismissed without leave to amend. Further, the Court notes that Gosioco is not named in the caption of the complaint, which is a violation of Rule 10(a).

### e. Failure to Appoint Counsel

The Sixth Amendment guarantees a criminal defendant "the right ... to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. The right to such counsel attaches "at or after the initiation of adversary judicial criminal proceedings—whether by way of

formal charge, preliminary hearing, indictment, information, or arraignment." *Kirby v. Illinois*, 406 U.S. 682, 689 (1972) (plurality opinion).

This Circuit adheres to the bright-line rule that the Sixth Amendment's right to counsel attaches upon the initiation of formal charges. See *United States v. Hayes*, 231 F.3d 663, 675 (9th Cir.2000) (en banc). Thus, Mr. Villines did not have a right to counsel at the time that the affidavit in support of the arrest warrant was prepared or presented to Judge Sullivan. In addition, when Mr. Villines made his appearance before Judge Sullivan, he learned that the District Attorney's Office would not go forward with the charges based on the lack of evidence. Therefore, it appears no formal charges ever issued and there was no initiation of adversary judicial criminal proceedings against plaintiff. Based on these facts, Mr. Villines did not have a right to the appointment of counsel under the Sixth Amendment.

In addition to the Sixth Amendment right to counsel, the Fifth Amendment privilege against compulsory self-incrimination draws with it the right to remain silent and the right to have counsel present during custodial interrogation. *See Miranda v. Arizona*, 384 U.S. 436, 469 (1966). The *Miranda* Court characterized custodial interrogation as questioning initiated by law enforcement officers after a person has been taken into custody "or otherwise deprived of his freedom of action in any significant way." *Id*. at 477.

Mr. Villines does not allege that he was interrogated while in custody or compelled to provide any incriminating information. Instead, he claims that he should have been appointed counsel at the time that the warrant was presented to Judge Sullivan or at the time he was arrested. As discussed above, that is not what the Sixth Amendment requires. Lastly, even assuming he was in custody while interrogated, any information derived from such interrogation was never used against him since criminal proceedings were never initiated. Thus, the Fifth Amendment appears to be inapplicable. See *Chavez v. Martinez*, 538 U.S. 760, 773-74 (2003) (holding that a § 1983 Plaintiff could not establish a Fifth Amendment violation in the absence of a criminal case in which was compelled to be a witness). As a result, the Court recommends that this claim be dismissed without leave to amend as amendment would be futile.

## IV. CONCLUSION, ORDER, AND RECOMMENDATIONS

IT IS THEREFORE RECOMMENDED that:

- Plaintiff's claims for a violation of his right to counsel under the Sixth and Fifth Amendments be dismissed without leave to amend as amendment would be futile.

- the claim for false arrest under the Fourth Amendment against the State of Nevada, the Nye County Sheriff's Office, the Nye County Justice Court, Deputy Gosioco, and the Nye County District Attorney's Office be dismissed without leave to amend as amendment would be futile.

IT IS ORDERED that:

- the claim for false arrest under the Fourth Amendment against Nye County is dismissed with leave to amend.

- the individual-capacity claims for false arrest under the Fourth Amendment against Detective Brainard, Sheriff Wherly, and Detective Parra are dismissed with leave to amend.

- the official-capacity claims brought against Sheriff Wherly, Detective Parra, and Detective Brainard are dismissed without prejudice but with leave to amend.

- the official-capacity claims against the Nye County Commissioners are dismissed with leave to amend.

- the individual-capacity claims against the Nye County Commissioners are dismissed with leave to amend.

IT IS FURTHER ORDERED that Mr. Villines has 45 days to file a third amended complaint, if he so chooses.

IT IS FURTHER ORDERED that if plaintiff chooses to file an amended complaint, he must identify **every** defendant in the caption of his complaint. Failure to do so is grounds for dismissal.

## V. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely

objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 20, 2021.

                                                Brenda Weksler
                                                United States Magistrate Judge